UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTHONY MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00410-JPH-MG |
| | ) |
| RICK YARBER, | ) |
| LAUREN CUPP, | ) |
| ASHLYNN LEDFORD-GONTHIER, | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING THE COMPLAINT AND DIRECTING
SERVICE OF PROCESS**

*Pro se* prisoner Anthony Martin filed a civil rights lawsuit complaining about prison conditions in Case No. 2:22-cv-470-JRS-MKK ("original action"). (Dkt. 1). In the original action, the Court dismissed certain claims, allowed other claims to proceed, and severed the remaining claims under Rule 21 of the Federal Rules of Civil Procedure. (*Id.*).

This lawsuit arises from Count 11 of the complaint, which was severed from the original action. Count 11 includes allegations against defendants Rick Yarber, Christopher Holcomb, Jordan Ashba, Ernesto Angeles-Mora, Lauren Cupp, and Ashlynn Ledford-Gonthier. Because Mr. Martin is incarcerated, the Court must screen the complaint before directing service on the defendants. 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

On February 2, 2022, Mr. Martin returned from a video court session and found his cell "completely destroyed." (Dkt. 2 at 23-24). Mr. Martin was then taken to a holding cell and assaulted by Sgt. Yarber, Sgt. Ashba, Lt. Holcomb, and Sgt. Angeles-Mora. (*Id.*). The defendants made racist comments during and after the assault. (*Id.*). Mr. Martin could not breathe due to the fumes from a chemical spray; he collapsed and hit his head. (*Id.*). He was left in the holding cell without a bed or a mat to sleep on and was not allowed to shower for 48 hours. (*Id.*). Later, defendants Nurse Cupp and Ms. Gonthier refused to provide Mr. Martin with assistance despite his obvious injuries.

Based on these allegations, Mr. Martin seeks to bring claims under the Eighth Amendment Cruel and Unusual Punishments Clause, the Fourteenth Amendment Equal Protection Clause, state law battery, state law intentional infliction of emotional distress, and state law negligence.

### III. Discussion

Mr. Martin's Eighth Amendment excessive force claims, Fourteenth Amendment equal protection claims, Indiana battery claims, and Indiana intentional infliction of emotional distress claims **shall proceed** against Sgt. Yarber, Sgt. Ashba, Lt. Holcomb, and Sgt. Angeles-Mora in their individual capacities. His Eighth Amendment deliberate indifference to a serious medical need claims and Indiana negligence claims **shall proceed** against Ms. Gonthier and Nurse Cupp in their individual capacities.

This summary includes all viable claims identified by the Court under Count 11 of the complaint. If Mr. Martin believes the complaint contains additional viable claims under Count 11, he may file a notice identifying those claims within **21 days of the issuance of this Order**.

### IV. Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Rick Yarber, Christopher Holcomb, Jordan Ashba, Ernesto Angeles-Mora, Lauren Cupp, and Ashlynn Ledford-Gonthier in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk shall add** Christopher Holcomb, Jordan Ashba, and Ernesto Angeles-Mora as defendants on the docket.

Nurse Cupp is identified as an employee of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide Nurse Cupp's full name and last known home address if she does not waive service if Centurion has such information. This information may be provided to the Court informally or may be filed *ex parte*.

The **clerk is directed** to serve the Indiana Department of Correction employees and the Centurion employee electronically.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 10/4/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANTHONY MARTIN
945288
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic Service to the Following IDOC Defendants at Wabash Valley Correctional Facility
    Rick Yarber
    Christopher Holcomb
    Jordan Ashba
    Ernesto Angeles-Mora
    Ashlynn Ledford-Gonthier

Electronic Service to Centurion and the Following Centurion Employee
    Nurse Lauren Cupp